IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

TYLER MEASE and A.M., a minor,

    Plaintiffs

v.

GARRETT ANDERSON, Individually and in his official capacity, RANDY DAVIDSON, Individually and in his official capacity, DAVID DIXON, Individually and in his official capacity, SCOTTY RICE, Individually and in his official capacity,
DALLAS COUNTY, MISSOURI, and CITY OF BUFFALO, MISSOURI,

    Defendants.

Case No. 6:26-cv-03041-DPR

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW** Plaintiffs Tyler Mease and A.M. by and through counsel Aleshire Robb & Rapp, and for their Complaint for damages, state, allege and aver as follows:

### INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages against Defendants that include the City of Buffalo and Dallas County, Missouri and several officers for committing acts under the color of state law that deprived Plaintiffs of their rights secured under the Constitution and laws of the United States; with intent to deny Plaintiffs the protection of the Constitution and specifically the Fourth and Fourteenth Amendments; and for refusing and neglecting to prevent such deprivations and denials to Plaintiffs.

2. Plaintiffs further allege that Defendants City of Buffalo, Dallas County, and former Dallas County Sheriff Scotty Rice (herein after referred to as "Rice") are liable for Plaintiffs' damages because they failed, on a continuing basis, to train, instruct, supervise, control and discipline Defendants that include Garrett Anderson (hereinafter referred to as "Anderson"); Randy Davidson (hereinafter referred to as "Davidson"); and David Dixon (hereinafter referred to as "Dixon"). That said failure was the result of the official policy or the custom and practice of the City of Buffalo, the Buffalo Police Department, Dallas County, the Dallas County Sheriff's Department, and former Dallas County Sheriff Scotty Rice, and that said conduct caused the deprivation of Plaintiffs' rights secured under the United States Constitution.

3. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. Defendants Anderson, Davidson, Dixon, and Rice are being sued in both their official and individual capacities.

## PARTIES

5. Plaintiff Tyler Mease is a resident of Buffalo, Dallas County, Missouri.

6. Plaintiff A.M. is a resident of Buffalo, Dallas County, Missouri, and the son of Plaintiff Tyler Mease. At the time of the incident, Plaintiff A.M. was 12 years old.

7. Defendant Rice was at all times relevant herein the Sheriff of Dallas County, Missouri. At all times referenced herein, Rice acted under color of state law, and within the scope and course of his employment with the Dallas County Sheriff's Department. Rice was responsible for the training and oversight of Dallas County Sheriff's Department employees, including Defendants Davidson and Dixon. Defendant Rice may be served at 104 Woodhill Road, Buffalo, Missouri 65652.

8. Defendant Anderson was or is an employee and commissioned law enforcement officer of the Buffalo Police Department. At all times referenced herein, Anderson acted under color of state law, and within the scope and course of his employment with the Buffalo Police Department. Defendant Anderson may be served at 1417 W. Missouri Street, Buffalo, Missouri 65622.

9. Defendant Davidson was or is an employee and commissioned law enforcement officer of the Dallas County Sheriff's Department. At all times referenced herein, Davidson acted under color of state law, and within the scope and course of his employment with the Dallas County Sheriff's Department. Defendant Davidson may be served at the Dallas County Sheriff's Department, located at 204 Poplar Street, Buffalo, Missouri 65622.

10. Defendant Dixon was or is an employee and commissioned law enforcement officer of the Dallas County Sheriff's Department. At all times referenced herein, Dixon acted under color of state law, and within the scope and course of his employment with the Dallas County Sheriff's Department. Defendant Dixon may be served at the Dallas County Sheriff's Department, located at 204 Poplar Street, Buffalo, Missouri 65622.

11. At all times referenced herein, Defendant Dallas County was a municipal corporation organized and existing under the laws of the State of Missouri. Defendant Dallas County may be served at Dallas County Clerk's Office located at 102 South Cedar, Buffalo, Missouri 65622.

12. At all times referenced herein, Defendant City of Buffalo was a municipal corporation organized and existing under the laws of the State of Missouri. Defendant City of Buffalo may be served at Buffalo City Hall located at 115 South Maple Street, Buffalo, Missouri 65622.

## FACTS COMMON TO ALL COUNTS

13. On September 29, 2022, Plaintiff Mease reported to the Buffalo Police Department that he heard gunshots while he was outside of his residence located at 615 W. Benton, Buffalo, Missouri.

14. Based on information and belief, Defendant Buffalo Police Department were dispatched at 7:01 p.m., but did not respond until around 8:30 p.m.

15. Plaintiff Mease reported that the gunfire came from the direction of a nearby residence located at or near 616 West Mill Street, Buffalo, Missouri.

16. Buffalo Police Department responded to the area and conducted an investigation into the reported gunfire.

17. Plaintiff Mease cooperated with law enforcement and provided information regarding the direction and timing of the shots.

18. On October 1, 2022, Plaintiff Mease again contacted the Buffalo Police Department after discovering physical evidence of gunfire at his residence, including bullet holes and damage to his residence and surrounding property.

19. Buffalo Police Officers responded and observed damage consistent with bullets striking structures near or at Plaintiff Mease's residence.

20. The officers documented the damage and continued investigating the shooting incident.

21. Plaintiff Mease expressed concern for the safety of himself and his family due to the gunfire and resulting damage.

22. Despite the documented gunfire and physical evidence, no arrest was made in connection with the shooting incidents.

23. In the weeks following the shooting incidents, Plaintiff Mease had additional contact with the Buffalo Police Department regarding issues involving nearby neighbors.

24. On November 20, 2022, the Buffalo Police Department responded to a call involving a dispute between Plaintiff Mease and neighbors near 616 West Mill Street, Buffalo, Missouri – the same location where Plaintiff Mease had reported gunshots being fired.

25. Plaintiff Mease reported feeling threatened during the November 20, 2022, incident.

26. The Buffalo Police Department responded but did not file charges related to Plaintiff Mease's report of being threatened.

27. By January 2023, Buffalo Police and Dallas County law enforcement were aware that gunfire had occurred near Plaintiff Mease's residence, that Plaintiff Mease had reported bullet damage to his home, and that the matter remained unresolved.

28. Plaintiff Mease also attended a Buffalo City Counsel meeting and voiced his concerns. Plaintiff Mease was advised the matter had been turned over to the Missouri Highway Patrol for investigation.

29. On January 29, 2023, at approximately 8:11 a.m., Plaintiff Mease sent a single Facebook Messenger message to Defendant Davidson.

30. The Facebook Messenger message contained religious language and references to law enforcement being watched.

31. The Facebook Messenger message did not state a specific threat of physical harm, a plan of violence, or an intent to injure Defendant Davidson.

32. Later that same day on January 29, 2023, officers from the Dallas County Sheriff's Office and the Buffalo Police Department went to Plaintiff Mease's residence at 615 West Benton Street to make contact with him regarding the Facebook Messenger message.

33. Officers positioned themselves around the residence with guns drawn, including at the rear of the property.

34. Plaintiff Mease remained inside his residence and initially communicated with officers through a window.

35. Plaintiff Mease did not exit the residence when officers first requested contact.

36. After speaking with Plaintiff Mease through the window, the officers began to leave the area.

37. As officers were leaving, Plaintiff Mease exited his residence and stepped outside.

38. While outside, Plaintiff Mease made religious statements, but did not threaten the officers. Plaintiff Mease was unarmed.

39. Plaintiff Mease then returned inside his residence and shut the door.

40. The Defendant Officers then forcibly entered Plaintiff Mease's residence without a warrant and with guns drawn.

41. After entering Plaintiff Mease's home, the officers told Mease he was under arrest.

42. Upon entry, Defendants Anderson, Davidson, and Dixon gave loud commands for Plaintiff Mease to get on the ground.

43. Plaintiff Mease's wife, Plaintiff A.M., and other children were also inside the residence at the time of entry.

44. Defendant Dixon deployed OC spray inside the residence at Plaintiff Mease's face and at Plaintiff A.M.'s face.

45. Defendants Anderson, Dixon, and Davidson physically engaged with Plaintiff Mease in an attempt to place him in handcuffs.

46. Defendant Anderson used closed-hand strikes with handcuffs to Plaintiff Mease's side during the struggle to gain compliance. Defendant Anderson also attempted to pistol-whip Plaintiff Mease.

47. Video footage of the arrest shows Defendants Dixon and Anderson striking Plaintiff Mease multiple times with a baton-type object while Plaintiff Mease was on the floor.

48. After Plaintiff Mease was placed in handcuffs, Defendant Davidson escorted him outside, and the Dallas County Sheriff's Office took custody at the scene.

49. Plaintiff Mease was transported to the Dallas County Jail.

50. During the arrest, Plaintiff Mease sustained multiple strikes to his torso and side, as reflected in officer reports describing closed-hand strikes and "distraction techniques," and as shown on the body cam video.

51. Plaintiff Mease further sustained lacerations to his head and bleeding from his ears.

52. Plaintiff Mease reported pain and injury to his ribs and side following the use of force.

53. Plaintiff Mease reported severe bruising and tenderness to his torso consistent with blunt-force impacts.

54. Plaintiff Mease reported difficulty breathing and chest discomfort following the OC spray and physical strikes.

7

55. Plaintiffs Mease and A.M. reported burning and irritation to their respective eyes, face, and respiratory system consistent with exposure to OC spray.

56. Plaintiff Mease reported pain to his knees and lower body after being forced to the ground and restrained.

57. Plaintiff Mease reported ongoing soreness and physical pain following his transport to the Dallas County Jail.

58. Plaintiff Mease reported that he requested medical attention following the arrest, but was denied said treatment at both his home and at the jail.

59. Plaintiff Mease was arrested for Harassment in the First Degree and Resisting Arrest.

60. After the arrest, law enforcement obtained warrants for Plaintiff Mease's phone and Facebook account.

61. Review of Plaintiff Mease's phone and Facebook records did not reveal any additional communications beyond the single January 29, 2023 message.

## COUNT I – UNLAWFUL SEARCH AND SEIZURE AND EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AGAINST DEFENDANTS ANDERSON, DAVIDSON AND DIXON

62. Plaintiffs Mease and A.M. hereby incorporate Paragraphs 1-61 as if fully set forth herein.

63. As described above, Defendants Officer Anderson, Davidson and Dixon used an illegal warrantless entry to gain access to Mease's home and used excessive force against Mease and A.M. on January 29, 2023, without provocation, and without legitimated law enforcement justification.

8

64. Said Defendants' conduct was unconstitutional as to Plaintiff Mease in that an objectively reasonable officer would have known that their actions violated Plaintiff's constitutional rights under both the Fourth and Fourteenth Amendments of the U.S. Constitution. Plaintiffs' rights were violated by Defendants in one or more of the following ways:

   a. Unlawfully entering Plaintiff's home without a warrant;

   b. Unlawfully entering Plaintiff's home without a reasonable belief that a crime was being committed;

   c. Unlawfully entering Plaintiff's home without a reasonable belief that other exigent circumstances justifying a warrantless entrance were present;

   d. Unlawfully entering Plaintiff's home without permission;

   e. Unlawfully detaining and handcuffing Plaintiff Mease without any evidence of a crime having been committed or being in progress;

   f. Unlawfully detaining and handcuffing Plaintiff Mease without advising him of his rights, or the reason for his detainment;

   g. Unlawfully detaining and handcuffing Plaintiff Mease without any reasonable belief that Plaintiff Mease was an immediate danger to himself, the officer, or others;

   h. Failing to call for back-up or otherwise deescalate the situation before entering Plaintiff's home or detaining him; and

   i. Using excessive force to detain Plaintiff Mease including, but not limited to, handcuffing, pushing, pulling, hitting and using OC spray when Plaintiff did not pose an immediate threat to the safety of the officers or others.

9

65. Said Defendants' conduct was unconstitutional as to Plaintiff A.M. in that an objectively reasonable officer would have known that their actions violated Plaintiff's constitutional rights under both the Fourth and Fourteenth Amendments of the U.S. Constitution. Plaintiffs' rights were violated by Defendants in one or more of the following ways:

   a. Unlawfully entering Plaintiffs' home without a warrant;
   b. Unlawfully entering Plaintiffs' home without a reasonable belief that a crime was being committed;
   c. Unlawfully entering Plaintiffs' home without a reasonable belief that other exigent circumstances justifying a warrantless entrance were present;
   d. Unlawfully entering Plaintiffs' home without permission;
   e. Failing to call for back-up or otherwise deescalate the situation before entering Plaintiffs' home or detaining him; and
   f. Using excessive force including OC spray on Plaintiff A.M. when Plaintiff did not pose an immediate threat to the safety of the officers.

66. The actions of the Defendant Officers was performed under color of state law and violated Plaintiffs' rights under the Fourth and Fourteenth Amendment to the United States Constitution.

67. The actions of Defendants were the direct and proximate cause of the injuries to Plaintiffs, including, but not limited to pain, suffering, and emotional distress.

**WHEREFORE**, Plaintiffs Mease and A.M. pray for judgment against Defendants Anderson, Davidson and Dixon for an award of compensatory money damages against said Defendants in an amount that is fair and reasonable; for the costs of this action and reasonable

attorneys' fees and expenses; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II – MUNICIPAL AND VICARIOUS LIABILITY AGAINST FORMER SHERIFF SCOTTY RICE AND DALLAS COUNTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

68. Plaintiffs Mease and A.M. hereby incorporate Paragraphs 1-67 as if fully set forth herein.

69. That all times relevant hereto, Defendants Davidson and Dixon were officers, agents and employees of Defendant Dallas County, and acting in said capacity during the interactions with Plaintiff Mease and as such are vicariously liable for said Defendants' conduct.

70. That all times relevant hereto, Former Sheriff Scotty Rice had supervisory authority over Defendants Davidson and Dixon, and is vicariously liable for said Defendants conduct.

71. There exists or existed within Dallas County and its respective Sheriff's Department, overseen by Defendant Rice, policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants that caused or contributed to cause the constitutional deprivations of Plaintiff Mease as set forth fully above. These policies, customs, practices and usages that exist include, but are not limited to, the use of excessive force when it is not reasonably necessary.

72. Dallas County and Defendant Rice were deliberately indifferent to affirmatively act in the face of such transgressions about which they knew or should have known, in violation of established policies by Sheriff's Deputies or employees, and have generally and specifically condoned or otherwise tolerated the constitutionally violative conduct set out in this Complaint.

73. At all relevant times, Dallas County and Defendant Rice had a history of failing to adequately train, supervise, and ensure compliance with its policies and procedures, and of

11

exercising rash and unsound judgment, as demonstrated by the conduct of Defendant Rice, who served as the final policymaker and decision-maker for the Sheriff's Department, including decisions leading to the arrest of Plaintiff Mease, and as further evidenced by actions taken by the Sheriff in June 2024, Case No. 25DA-CR00005.

74. As a direct and proximate cause of the aforementioned conduct, Plaintiff Mease and A.M.'s Fourth and Fourteenth Amendment rights were violated.

75. As a direct and proximate result of Defendant Dallas County's conduct, Plaintiffs Mease and A.M. sustained injuries including, but not limited to, pain and suffering, stress and anxiety.

**WHEREFORE**, Plaintiffs Mease and A.M. pray for judgment against Defendants Dallas County and Defendant Rice; for an award of compensatory money damages an amount that is fair and reasonable; for the costs of this action and reasonable attorneys' fees and expenses; and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III – MUNICIPAL AND VICARIOUS LIABILITY AGAINST THE CITY OF BUFFALO IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

76. Plaintiffs Mease and A.M. hereby incorporate Paragraphs 1-75 as if fully set forth herein.

77. That all times relevant hereto, Defendant Anderson was an officer, agent and employee of Defendant City of Buffalo, and activity in such company during interactions with Plaintiff Mease and as such are vicariously liable for said Defendants' conduct.

78. There exists within the City of Buffalo and its respective Police Department, policies or customs, practices and usages that are so pervasive that they constitute the policies of Defendant Anderson that caused or contributed to cause the constitutional deprivations of Plaintiffs Mease and A.M. as set forth fully above. These policies, customs, practices and usages

that exist include, but are not limited to, the use of excessive force when it is not reasonably necessary.

79. The City of Buffalo was deliberately indifferent to affirmatively act in the face of such transgressions about which it knew or should have known, has established the policies adhered to by the Police Department's Officers or employees, and has generally and specifically condoned or otherwise tolerated the constitutionally violative conduct set out in this Complaint.

80. As a direct and proximate cause of the aforementioned conduct, Plaintiffs Mease and A.M.'s Fourth and Fourteenth Amendment rights were violated.

81. As a direct and proximate result of Defendant City of Buffalo's conduct, Plaintiffs Mease and A.M. sustained injuries including, but not limited to, pain, suffering, and emotional distress.

**WHEREFORE**, Plaintiffs Mease and A.M. pray for judgment against Defendant City of Buffalo; for an award of compensatory money damages an amount that is fair and reasonable; for the costs of this action and reasonable attorneys' fees and expenses; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV – 42 U.S.C. § 1988 ATTORNEYS' FEES AGAINST ALL DEFENDANTS

82. Plaintiffs Mease and A.M. hereby incorporates Paragraphs 1-81 as if fully set forth herein.

83. 42 U.S.C. § 1988 authorizes an award of attorneys' fees to a prevailing party in a Section 1983 civil rights action.

**WHEREFORE,** Plaintiffs Mease and A.M. pray for judgment against all Defendants as set forth in Counts I through III and on all claims in this Complaint on which Plaintiffs Mease

and A.M. prevail, Plaintiffs request compensation for their reasonable attorneys' fees and other costs as provided for by 42 U.S.C. § 1988.

## COUNT V – PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

84. Plaintiffs Mease and A.M. hereby incorporate Paragraphs 1-83 as if fully set forth herein.

85. The conduct of Defendants as set forth above was reckless, malicious, wanton, willful and made with malice or evil intent, with reckless or callous indifference to Plaintiffs Mease's and A.M.'s federally protected due process rights such that an award of punitive damages is justified to punish Defendants for their outrageous conduct and to deter them and others like them from similar conduct in the future.

**WHEREFORE,** Plaintiffs Mease and A.M. pray for judgment against all Defendants as set forth in Counts I through III; for an award of punitive damages against Defendants in addition to any compensatory damages award that is fair and reasonable; and for such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs Mease and A.M. request a jury trial on all issues.

**ALESHIRE ROBB & RAPP**

By _____
Gregory W. Aleshire   MO #38691
William R. Robb   MO #43322
Kevin J. Rapp   MO #57974
2847 Ingram Mill Road, A-102
Springfield, MO 65804
417.869.3737 PHONE
417.869.5678 FAX
*info@aleshirerobb.com*
**ATTORNEYS FOR PLAINTIFF**